PER CURIAM.
Granted. The judgment of the court of appeal is vacated in so far as it remands this case to the district court for an evidentiary hearing, and the defendant’s conviction and sentence are affirmed. Even assuming that the trial court erred in failing to order the state to run the “rap” sheet of one of its principal witnesses at trial, State v. Robinson, 96-0343 (La.9/20/96), 679 So.2d 411; State v. Laird, 551 So.2d 1310 (La.1989), and that by fully realizing the damaging potential of its contents defense counsel could have completely discredited the witness, in light of the positive identifications provided by the state’s two other witnesses, one of whom knew the defendant and named him to the investigating officers, the state’s evidentiary suppression fails to undermine confidence in the outcome of the trial. Kyles v. Whitley, 514 U.S. 419, 434-36, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995).
CALOGERO, C.J., not on panel.